IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAXIMO FELIX NUNEZ                       :
                                         :
              Petitioner,                :    3:26-cv-1106
                                         :    (JUDGE MARIANI)
        v.                               :
                                         :
JESSICA SAGE, WARDEN,                     :
FCI LEWISBURG                            :
                                         :
              Respondent.                :

## MEMORANDUM OPINION

### I.    BACKGROUND

On April 28, 2026, Petitioner Maximo Felix Nunez ("Petitioner") a citizen of the

Dominican Republic and lawful permanent resident of the United States since 1984, filed a

*pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Petitioner

is detained within the Middle District of Pennsylvania and names as Respondent Jessica

Sage, Warden of FCI Lewisburg.

Petitioner alleges that his detention violates the Immigration and Nationality Act and

due process.  (Doc. 1 at 1).  He further claims that his conditions of confinement violate the

Eighth Amendment and due process and appears to raise claims under the Administrative

Procedure Act ("APA") and the Americans with Disabilities Act ("ADA").  (*Id.* at 1-2).

Petitioner also pursues a *Bivens* claim and a claim for negligence under the Federal Tort

Claims Act ("FTCA").  (*Id.* at 1-2).

Petitioner has been detained by Respondent since May 5, 2025, and an Immigration Judge ("IJ") ordered him removed to the Dominican Republic on January 8, 2026. (Docs. 6 at 3-4, 6-7). Petitioner's appeal to the Board of Immigration Appeals ("BIA") remains pending and, accordingly, his order of removal is not final. (Doc. 6-6). On April 16, 2026, an IJ denied Petitioner's request for bond, finding that he failed to establish that he was not a danger to the community.[1] (Doc. 6 at 4) (citing Doc. 6-5 at 2).

In the petition, Petitioner seeks his immediate release, another bond hearing, or parole. (Doc. 1 at 8). Respondent opposes the petition, claiming that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and he "has received all proper due process, inclusive of a bond hearing." (Doc. 6 at 2).

## II.    STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a

---

[1] Although Petitioner claims he "hasn't been in trouble since 1990," (Doc. 1 at 4), the record in no way supports that contention. Petitioner has numerous criminal arrests and convictions. (Doc. 6-2 at 4-6). In 1988, he was arrested and convicted of "Robbery – Street-Strongarm" and sentenced to a term of imprisonment for 4 years and six months. (*Id.* at 4). In 1994, Petitioner was arrested for "Resisting [an] Officer." (*Id.*). He was arrested for selling cocaine in 1997 and was convicted in 1998. (*Id.*). On April 12, 2007, Petitioner was arrested for Aggravated Assault with a Weapon, though the disposition of these charges is unclear. (*Id.*). On November 9, 2007, Petitioner was arrested for Robbery, Kidnapping, and Homicide, but those charges were later dismissed. (*Id.*). On June 24, 2024, Petitioner was arrested for "Harassing Communications" and "Damage to Property," and those charges appear to remain pending. (*Id.*). In his traverse, Petitioner does not dispute any of these arrests, charges, and dispositions submitted by Respondent in its response to the petition. (Doc. 7).

federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III.    ANALYSIS

Petitioner seeks his immediate release, parole, or another bond hearing before an IJ. Although Petitioner claims he is being detained pursuant to 8 U.S.C. § 1226(c), he is incorrect. If Petitioner was detained under Section 1226(c), he would not be entitled to a bond hearing before an IJ. Because it is undisputed that Petitioner was provided with a bond hearing before an IJ, the Court agrees with Respondent that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). (Doc. 6-5).

Section 1226(a) provides:

**(a) Arrest, detention, and release**
On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.

> Except as provided in subsection (c) and pending such decision, the Attorney General—
>
>> (1) may continue to detain the arrested alien; and
>> (2) may release the alien on—
>>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>> (B) conditional parole; but
>> (3) may not provide the alien with work authorization (including an 'employment authorized' endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

8 U.S.C. § 1226(a). It is undisputed that Petitioner received a bond hearing before an IJ two months ago and was denied bond after the IJ determined he was a danger to the community. (Doc. 6-5).

To the extent that Petitioner challenges the thirteen-month duration of his civil immigration detention, that claim fails. Duration alone cannot "sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 277 (3d Cir. 2018). "Unlike § 1226(c) detainees . . . who were detained for prolonged periods without being given any opportunity to apply for release on bond," here Petitioner "was granted meaningful process prior to filing his habeas petition." *Id.* at 279-80. Moreover, Petitioner does not allege any constitutional infirmities with the procedures used by the IJ at the bond hearing[2] Accordingly, Petitioner is not entitled to any habeas relief

---

[2]    To the extent Petitioner argues he is not a danger to the community or a flight risk, the Court lacks jurisdiction to review the discretionary determinations of the IJ. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *see also Chim v. Tsoukaris*, 2026 WL 1650938, at *3 (D.N.J.

because he is lawfully detained under 8 U.S.C. § 1226(a) and he has failed to demonstrate that his detention violates due process. *See Gonzalez Hernandez v. Warden*, 2026 WL 1725860, at *1 (M.D. Pa. June 15, 2026) (denying habeas relief where petitioner "already received two bond hearings" under Section 1226(a) and "does not challenge the constitutionality of those determinations themselves").

Petitioner next claims that his conditions of confinement at FCI Lewisburg violate the Eight Amendment and due process. (Doc. 1 at 3-4). The Court agrees with Respondent that his conclusory claims of inadequate medical care provide an insufficient basis for habeas relief. (Doc. 6 at 11-12). Petitioner does not claim he is not receiving medical treatment at FCI Lewisburg. Rather, he lists his medical conditions as a basis for habeas relief and claims that Respondent's boilerplate actions and inactions constitute deliberate indifference to his serious medical needs. (Doc. 1 at 3-4). Without more detailed factual allegations supporting his conditions of confinement claim, the Court cannot conclude that his case constitutes an "extreme case" that warrants habeas relief based on his alleged

---

June 8, 2026) ("Here, Petitioner's challenge to the IJ's denial of bond based on him being a flight risk is a challenge to the IJ's credibility determinations and weighing of the evidence, which are discretionary determinations beyond the review of this Court.") (citing 8 U.S.C. § 1226(e)). While Petitioner has appealed his removal order, there is no evidence that he exercised his right to challenge the IJ's April 2026 bond determination by appealing to the BIA. *See* 8 C.F.R. §§ 1003.19(f), 1003.38. If Petitioner can demonstrate a material change in circumstances, he may seek a custody redetermination before an IJ, not this Court. *See* 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.").

5

conditions of confinement at FCI Lewisburg. *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020).

Petitioner's additional claims under the ADA, FTCA, and *Bivens* are separate causes of action that fall outside the scope of a § 2241 habeas petition. *See Broussard v. Ebbert*, 2015 WL 6083541, at *2 (M.D. Pa. Oct. 15, 2015) (FTCA and *Bivens* claims "are not cognizable in habeas since they do not challenge the legality or duration of Petitioner's confinement, or the execution of his sentence.") (citing *Leamer v. Fauver*, 288 F.3d 532, 547 (3d Cir. 2002)). Accordingly, the Court will dismiss the ADA, FTCA, and *Bivens* claims raised in the petition because these claims are not cognizable in habeas.

Finally, Petitioner APA claim fails. While certain APA claims may be brought in habeas, *see Thieme v. Warden Fort Dix FCI*, 154 F.4th 115, 123 (3d Cir. 2025), the Court's review of the petition fails to indicate what final agency action, if any, Petitioner complains about, and he has other adequate legal remedies. *See Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 37 n.3 (M.D. Pa. 2025) (declining to consider APA claims raised in § 2241 habeas petition because "those claims may only be addressed after a final agency action for which there is no other adequate remedy in a court.") (citing 5 U.S.C. § 704). Moreover, Petitioner does not allege sufficient factual material raising a reasonable inference that Respondent violated the APA. (Doc. 1 at 7). Rather, he simply claims in conclusory fashion that Respondent violated the APA because his detention is arbitrary, capricious, an abuse of discretion, and violated his constitutional rights. (*Id.*). But simply labelling Respondent's

6

actions as arbitrary and capricious and the like, without any factual content supporting that contention, does not establish a violation of APA.  Nor does it satisfy Petitioner's burden of proving facts entitling him to habeas relief.  *See Goins*, 464 F.2d at 949.

Upon careful consideration of the petition, the Court finds that Petitioner claims lack merit, and he has failed to demonstrate that he is entitled habeas relief at this time.  Accordingly, the Court will deny the petition.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be denied.  A separate Order follows.

Robert D. Mariani
United States District Judge